[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14479
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-03609-VEH


ROBERT A. CHANCEY,

Plaintiff-Appellant,

versus

FAIRFIELD SOUTHERN COMPANY, INC.,
UNITED STATES STEEL CORPORATION,

Defendants-Appellees,

EMPLOYEE ASSISTANCE SERVICES,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 8, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Chancey appeals the summary judgment in favor of his previous employer, Fairfield Southern Company, Inc., and its parent company, United States Steel Corporation, and against his complaint of discrimination in violation of the Americans with Disabilities Act. *See* 42 U.S.C. § 12101, et seq. We affirm.

Chancey alleged that Fairfield put him on suspension after he refused to work a double shift and his supervisor noticed he was trembling; required him to undergo psychological testing and treatment; and refused to reinstate him as a train operator helper after he was released to return to work by his treating physician. Chancey, who served in the military before being hired by Fairfield, was diagnosed with Post Traumatic Stress Disorder, treated, and released to return to work by Andrea Hood, a nurse practitioner at Grayson & Associates, but Dr. Cheryl Szabo, the Medical Director for US Steel, determined that Chancey should not work on or around moving trains because of the physical and mental impairments caused by his disorder and because of the cumulative effect of the four medications prescribed as part of his treatment regimen, Seroquel, Zoloft, Ativan, and Wellbutrin. Chancey complained that Fairfield discriminated against him based on his disability, *see id.* § 12112(a), and that Fairfield violated the Act by requiring him to undergo a medical examination to determine the nature or severity of his disorder, *see id.* § 12112(d)(4)(A).

2

Fairfield moved for summary judgment and argued that Chancey was not a "qualified individual" protected by the Act; he was equitably estopped from arguing that he was a qualified individual after he represented that he was disabled to and obtained benefits from the Department of Veterans Affairs, *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 119 S. Ct. 1597 (1999); and his medical examination was permitted under the Act because it was "job related and consistent with business necessity," 42 U.S.C. § 12112(d)(4)(A).  Fairfield attached to its motion a written description of the mental and physical requirements for train operator helpers; Chancey's application for disability benefits; Chancey's deposition testimony; and the decision of the Department rating Chancey with a "50 percent" disability because of an "occupational and social impairment with reduced reliability and productivity due to such symptoms as: Flattened affect; . . . difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material; forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; [and] difficulty in establishing and maintain[ing] effective work and social relationships."  Chancey responded that he was a qualified individual because he could continue to perform the functions of his job without accommodation; his medication did not hamper his ability to complete the

3

functions of his job; and he had been released to return to work by his treating physician.

The district court entered summary judgment in favor of Fairfield. The district court ruled that Chancey failed to establish a prima facie case of discrimination based on a disability because he could not prove that he was a "qualified individual" under the Act. *See id.* § 12112(a); *Cleveland*, 526 U.S. 795, 119 S. Ct. 1597. The district court ruled that Chancey was like the plaintiff in *Cleveland*, who was estopped from arguing that he was a qualified individual under the Act after making a sworn representation to the Social Security Administration that he was totally disabled. *Cleveland*, 526 U.S. at 806–07, 119 S. Ct. at 1603–04. The district court reasoned that Chancey was estopped from arguing that he was a qualified individual because he had told the Department that he was disabled and had applied for full disability benefits and because the Department had found that he could not perform essential functions of a train operator helper. The district court also ruled that Chancey abandoned his complaint about the propriety of his medical examination. *See* 42 U.S.C. § 12112(d)(4)(A).

We review a summary judgment *de novo*. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1117 (11th Cir. 1993). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as

4

a matter of law. Fed. R. Civ. P. 56(a). "When reviewing a grant of summary judgment, [we] may affirm if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied." *Fitzpatrick*, 2 F.3d at 1117.

Chancey challenges the summary judgment against his complaint that he was discriminated because of his disability. He argues that he is not estopped from arguing that he is a qualified individual because, unlike the plaintiff in *Cleveland*, he did not state in his application to the Department that he was "totally unable to work in any occupation" or "totally disabled." But we need not decide whether *Cleveland* applies to Chancey. We affirm on the alternative ground fairly presented in the record that Chancey failed to create a genuine factual dispute about whether he was a qualified individual protected by the Act.

The Act prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To survive summary judgment, a plaintiff must prove by a preponderance of the evidence that he is disabled and that he is a qualified individual who was discriminated against because of his disability. *See Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1226 (11th Cir. 1999). A "qualified

5

individual" is a person "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).   An employer is not required to provide a reasonable accommodation unless and until the employee makes a specific demand for an accommodation.  *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363–64 (11th Cir. 1999).

The written description of the mental and physical requirements for train operator helpers submitted by Fairfield served as "evidence of the essential functions of [Chancey's] job." *See* 42 U.S.C. § 12111(8).  Chancey argued that the written description highlighted the "duties that would cause the position [of train operator helper] to appear more dangerous," but he did not challenge the accuracy of the duties described.  That description tasked Chancey with "all things necessary for the safe and prompt movement of engines and cars" and required him to be "[a]lert"; have a "[s]ense of safety and responsibility for himself and others"; be able to "plan work and act independent of [his] supervisor"; be "[a]ble to give and relay signals from [the] ground, on [a] ladder and from [the] side of cars"; maintain a "[h]igh degree of responsibility for the safety of the public and other employees as well as property"; perform tasks with "[a]gility"; be "[c]apable of boarding and alighting from moving cars and engines"; be able to "[a]scend and descend vertical ladders on car and engines in motion," "to pull pins and disconnect air hoses," and

"to operate hand brakes on top of cars"; to "work irregular hours"; and be "[a]ble to open and close doors on rail cars with and without hand tools."

Chancey did not request that Fairfield accommodate his disability, *see Gaston*, 167 F.3d at 1363–64, and the evidence submitted by Fairfield established that Chancey could not perform the essential functions of a train operator helper with or without a reasonable accommodation. *See* 42 U.S.C. § 12111(8). Chancey testified that he had issues with his memory; he was constantly on edge and easily startled; and his tremors made it difficult to hold silverware. Chancey admitted in his application for disability benefits and to a physician who examined him for those benefits that he suffered from "tremor[s] [in his] upper extremities," insomnia, headaches, irritability, anger, anxiety, hypervigilance, poor attention and concentration, and an exaggerated startle response. *See Talavera v. Sch. Bd. of Palm Beach Cnty.*, 129 F.3d 1214, 1220 (11th Cir. 1997) ("[A]n ADA plaintiff is estopped from denying the truth of any statements made in her disability application."). Both that physician and Dr. Szabo reported that Chancey acted very anxious and had poor eye contact, and Dr. Szabo also reported that Chancey was tremulous, stuttered, and appeared depressed, and he was unable to follow instructions, to finish coordination tests, or to complete a finger-to-nose test. And Dr. Szabo testified that Chancey could not return to his position because his tremors, his lack of coordination, and the combined effects of his four medications

7

interfered with his abilities to concentrate, to focus, to make hurried decisions, and to react quickly as required when working around moving trains and equipment. Although Dr. Andrea Thomas, a physician at Grayson, opined in a letter that Chancey's medication would not thwart him from performing the functions as a train operator helper, Dr. Thomas later testified that she did not know the scope of Chancey's duties and she had not treated, examined, or talked to Chancey. No genuine dispute exists as to whether Chancey can perform the tasks required of a train operator helper.

The district court did not err by entering summary judgment against Chancey's complaint about discrimination under the Act. Chancey could not establish a prima facie case that he was discriminated against based on his disability. *See Hilburn*, 181 F.3d at 1226. The undisputed evidence established that Chancey is not a qualified individual who can fulfill the essential functions of a train operator helper. *See* 42 U.S.C. § 12111(8).

We **AFFIRM** the summary judgment in favor of Fairfield and US Steel**.**